UNITED STATES of America

v.

Alvin R. CAMPBELL

and

Dennis Chandler.

Crim. No. 70–15–C.

United States District Court,
D. Massachusetts.

June 15, 1970.

Herbert F. Travers, Jr., U. S. Atty., Willie J. Davis, Asst. U. S. Atty., for plaintiff.

Robert Emmet Dinsmore, Lester M. Gold, Boston, Mass., for defendants Campbell and Chandler.

## OPINION

CAFFREY, District Judge.

Immediately after the return of guilty verdicts herein, both defendants moved for a continuance of their enlargement on bail pending imposition of sentence and appeal. The Government moved to revoke and for new bail. After hearing I find and rule with regard to bail as follows:

The provisions governing release on bail after conviction are contained in 18 U.S.C.A. § 3148, which incorporates by reference 18 U.S.C.A. § 3146. See also, Rule 46, Federal Rules of Criminal Procedure. 18 U.S.C.A. § 3146(f) provides that

"Information stated in, or offered in connection with, any order entered pursuant to this section need not conform to the rules pertaining to the admissibility of evidence in a court of law."

On the basis of the evidence adduced at the instant trial, judicial notice of other matters pending before other judges of this court, and information supplied by Assistant U. S. Attorney Willie J. Davis at the hearing held immediately after the verdicts were returned, which is includable herein pursuant to Section 3146(f), I find as follows:

(1) Defendant Campbell has previously been convicted in this court for armed robbery of a bank, the funds of which were insured by the Federal Deposit Insurance Corporation, and on the basis of such conviction has served a term of years in a federal penitentiary;

(2) He has been found guilty in the instant case on twelve separate felony counts, Count 1 carrying a maximum penalty of five years and Counts 2 through 11, for violation of 26 U.S.C.A. § 4705 (a), each carrying a sentence, prescribed in 26 U.S.C.A. § 7237(b), of "not less than 5 or more than 20 years and, in addition, may be fined not more than $20,000." 26 U.S.C.A. § 7237(d) provides, with reference to the sentence imposed on Counts 2 through 11, that "the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic drugs, section 4202 of title 18 * * *

(release on parole after serving one-third of the sentence) shall not apply." Consequently, Mr. Campbell faces a potential maximum sentence of 225 years on the indictment.

(3) Mr. Campbell is presently under indictment in criminal cases pending before two other judges of this court, both of which indictments charge felonies because of alleged violations of federal firearms laws.

(4) There was evidence adduced at the trial that the key Government witness, an undercover agent, testified that he was greatly concerned about the fact that he had heard from several sources that Campbell had arranged for him to be "hit." In underworld parlance, arranging a "hit" for a person means making arrangements to have that person murdered. I find that the Department of Justice and the Bureau of Narcotics and Dangerous Drugs were jointly concerned enough about the safety of this witness to make arrangements to keep him in protective custody for the six-month period between the return of the indictment on January 15, 1970 and the return of the jury verdict on June 11, 1970, at an undisclosed location outside and beyond the New England states.

(5) When arrested on this indictment Mr. Campbell was found to have brass knuckles concealed on his person.

On the basis of the foregoing I find and rule that none of the conditions of release set out in 18 U.S.C.A. sec. 3146 will reasonably assure that the defendant Campbell will not flee if enlarged on bail. I likewise rule that none of those conditions of release will not reasonably assure that Campbell would not pose a threat to the life and safety of other persons, particularly to the life and safety of the undercover agent, the principal witness for the prosecution.

■■ I rule that this court is authorized to order a defendant to be held without bail pending both imposition of sentence and appeal if the court has reason to believe that no one or more of the conditions of release set out in Section 3146 will reasonably assure that the defendant will not flee nor pose a danger to any other person or to the community. I rule that on the basis of the five findings set out above, this court has reason to believe that no one or more of the said conditions of release will reasonably assure either that the defendant Campbell will not flee or that he will not pose a danger to any other person. In so ruling, I have in mind that only in an extraordinary case should bail be denied pending sentence and appeal, and I further rule that this is an extraordinary case.

Consequently, the bail previously set herein is cancelled and the defendant Campbell is remanded to the custody of the Attorney General or his authorized representative pending imposition of sentence and appeal.

■ With regard to the defendant Chandler, who has been convicted on Count 1 of the indictment, for violation of 18 U.S.C. § 371, which facially carries a maximum sentence of five years (Cf. 26 U.S.C.A. § 7237(b)), who previously has been convicted in this court for violations of the narcotic law, and who has been sentenced therefor to a mandatory minimum of five years in a federal penitentiary, I rule that none of the conditions set out in Section 3146(a), (a) (2) and (a) (3) will reasonably assure that Mr. Chandler will not flee. Consequently, the bail on which he has previously been enlarged is increased to $20,000 with surety, in default of which he is committed to the custody of the Attorney General or his authorized representative pending imposition of sentence and appeal.